IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY KEEVER, et al., :

    Plaintiffs, 

v. : Case No. 3:15-cv-196

NCR PENSION PLAN, et al., : JUDGE WALTER H. RICE

    Defendants. :

---

DECISION AND ENTRY SUSTAINING IN PART DEFENDANT NCR PENSION PLAN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), OR IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a); TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA; TERMINATION ENTRY

---

Plaintiffs Gregory Keever, Diana Shank, Pamela Melton, and Debra Shaw, together with the Estate of their mother, Lovena Keever, filed suit in the Court of Common Pleas of Montgomery County, against NCR Pension Plan, Fidelity Workplace Services LLC, and Principal Life Insurance Company, alleging breach of contract, unfair and deceptive trade practices, bad faith, a violation of the Ohio Consumer Sales Practices Act, and tortious interference with inheritance.

With the consent of the other defendants, NCR Pension Plan removed the case to federal court, alleging that Plaintiffs' claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Doc. #1. This matter is currently before the Court on Defendant's Motion to Dismiss Pursuant to

Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404(a). Doc. #4.

I. **Background and Procedural History**

Lovena Keever's husband, James, worked for NCR Corporation for approximately 35 years before retiring in 1985. He was a participant in the NCR Pension Plan. When he passed away in 2009, Lovena, who was designated as his beneficiary, began receiving monthly pension payments of $1,879.38. In June of 2014, she received an email, offering her the option to instead receive a lump sum benefit of $106,153.16, to be paid in November of 2014. She accepted the offer, and was notified that her election became final on August 29, 2014. Mrs. Keever passed away just weeks later, on September 19, 2014.

When her children attempted to collect the lump sum benefit, Defendants informed them that their mother's lump sum benefit election was cancelled because she had died prior to November 1, 2014, the "Benefit Commencement Date." Therefore, her children were ineligible to receive the lump sum payment. They later discovered that this provision, whereby the lump sum election would be cancelled if the recipient died prior to November 1, 2014, was not added to the Pension Plan until December 11, 2014, months after Mrs. Keever's election was supposedly "final," and approximately one month after her children first inquired about collecting the lump sum benefit.

2

Plaintiffs filed suit in state court, asserting five state law claims. Defendants removed the case to federal court on the basis of federal question jurisdiction, alleging that Plaintiffs' claims were all completely preempted by ERISA. Doc. #1. Defendant NCR Pension Plan then filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404(a).[1] Doc. #4. It argues that because the Pension Plan contains a forum-selection clause directing all litigation to be filed in the United States District Court for the Northern District of Georgia, this Court should either dismiss the case or transfer it there. In the event this Court finds that the forum-selection clause is unenforceable, Defendant argues that the claims must nevertheless be dismissed because they are preempted by ERISA, and because Plaintiffs failed to exhaust administrative remedies prior to filing suit.

In response, Plaintiffs argue that this Court lacks subject matter jurisdiction and that removal was improper. They therefore urge the Court to remand the case to state court. They maintain that, because they are not proper "claimants" under ERISA, they lack standing to bring an ERISA claim, and that, as a result, their state law claims cannot be preempted. According to Plaintiffs, if their claims are deemed preempted, they would be left without a remedy. Plaintiffs further argue that, because the forum-selection clause is against public policy, the Court should refuse to transfer this case to the Northern District of Georgia. In the event that

---

[1] Defendant Fidelity Workplace Services, LLC has joined in the motion. Doc. #5. Plaintiffs voluntarily dismissed all claims against Defendant Principal Life Insurance Company on June 11, 2015. Doc. #7.

3

this Court retains jurisdiction, Plaintiffs argue that the Court should find that they have already stated a proper cause of action under ERISA, and should not have to exhaust a futile administrative appeal process prior to proceeding with discovery. Doc. #10.

In its reply brief, Defendant argues that Plaintiffs' request for remand is untimely, and meritless, given that the claims are preempted by ERISA. Defendant also argues that the Estate stands in the shoes of Mrs. Keever, and therefore has standing to pursue an ERISA claim. Defendant maintains that the forum selection clause is enforceable, mandating transfer to the Northern District of Georgia. In the alternative, Defendant argues that the Court should dismiss the claims without prejudice to allow the Estate to exhaust the Plan's administrative process. Doc. #11.

## II. Removal Was Proper

The Court's first task is to decide whether Defendant NCR Pension Plan properly removed the case to federal court. If the case was improperly removed, this Court lacks jurisdiction to take any further action, and must remand the case to state court. If removal was proper, the Court must determine whether the forum selection clause is enforceable, and whether dismissal or transfer is warranted.

A defendant may remove a case from state court to federal court only when the federal district court has "original jurisdiction" over that claim. 28 U.S.C.

4

§ 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Here, Plaintiffs have asserted five claims based on *state* law: (1) breach of contract; (2) unfair and deceptive trade practices; (3) bad faith; (4) a violation of the Ohio Consumer Sales Practices Act; and (5) tortious interference with inheritance. Defendant argues, however, that, because these state law claims are completely preempted by ERISA, removal was proper.

"Complete preemption is a narrow exception to the well-pleaded complaint rule." The doctrine applies "in situations where Congress has indicated an intent to occupy the field so completely that any ostensibly state law claim is in fact a federal claim for purposes of arising-under jurisdiction." *AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004).

Section 502(a)(1)(B) of ERISA is one of those narrow exceptions. *Id.* That subsection, concerning employee benefit plans, is codified as follows: "A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

5

A claim cannot be completely preempted unless it is "capable of being characterized as an ERISA enforcement action" under this subsection. *Huisjack v. Medco Health Solutions, Inc.*, 492 F. Supp.2d 839, 849 (S.D. Ohio 2007). If a claim is completely preempted, it is "re-characterized as a viable federal claim, actionable in federal court," and subject to removal. *Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp.2d 792, 817 (S.D. Ohio 2003). *See also Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 613 (6th Cir. 2013) (noting that, if a state law claim falls within the scope of § 1132(a)(1)(B), it is deemed to be a federal claim for purposes of removal).[2]

"It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991). A claim is deemed to fall within the scope of § 1132(a)(1)(B) if: (1) "the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan"; and (2) "where no legal duty (state or federal) independent of ERISA or the plan terms is violated." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

---

[2] ERISA broadly preempts all state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). This type of traditional preemption is often raised as a federal defense to claims in state court. However, for purposes of removal jurisdiction, it is not enough that a state law claim "relates to" an employee benefit plan and is preempted under § 1144(a). In order to be completely preempted, and subject to removal, the claim must also fall within the scope of § 1132(a)(1)(B). *Gardner*, 715 F.3d at 612-13. *See also Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001) (noting that removal is proper only "when the action is to recover benefits, enforce rights or clarify future benefits under an ERISA plan.").

In Count I of the Complaint, Plaintiffs allege that Mrs. Keever entered into a contract with NCR when she accepted the offer to convert her monthly annuity into a lump sum payment of $106,153.16. She received a notice indicating that her election became final on August 29, 2014. Plaintiffs—Mrs. Keever's estate and her surviving heirs—allege that NCR breached the contract when it wrongfully refused to pay them the lump sum, and that they suffered damages as a result of the breach. They seek compensatory damages in the amount of the lump sum allegedly owed. Doc. #1-2, PageID##29-30.

These allegations fall within the scope of § 1132(a)(1)(B). Plaintiffs are attempting to recover the lump sum benefit that their mother elected to receive in lieu of monthly payments under the NCR Pension Plan, which is an ERISA-regulated employee benefit plan. Moreover, under the circumstances presented here, it cannot be said that the legal duty that was allegedly breached, *i.e.*, NCR Pension Plan's duty to pay the lump sum benefit, is "independent of ERISA or the plan terms." *Davila*, 542 U.S. at 210. The NCR Pension Plan specifically provides for the option of the lump sum payment. Doc. #1-7, PageID##263-67.[3]

---

[3] The Court rejects Plaintiffs' argument that, because the offer of the lump sum payout came from "NCR Corporation" as opposed to the "NCR Pension Plan," the relevant legal duty is independent of ERISA or the terms of the NCR Pension Plan. NCR established the NCR Pension Plan, and reserved the right to amend it. *See* Doc. #1-7, PageID##61, 124. In 2014, NCR chose to amend the Plan to include the option of a lump sum payout. *Id.* at PageID##263-67. Notably, according to the Complaint, the offer letter sent to Mrs. Keever stated, "NCR is making an offer for you to receive your benefit *under the NCR Pension Plan* as a lump sum payment in November 2014," and, after she accepted the lump sum payment offer, the

7

Courts have repeatedly held that breach of contract claims, similar to the one asserted here, are the functional equivalent of an action to recover benefits due under the terms of an employee benefit plan, and are therefore completely preempted by ERISA. *See Huisjack*, 492 F. Supp.2d at 849 (citing *Ackerman*, 254 F. Supp.2d at 818)); *Cromwell*, 944 F.2d at 1277; *Richie v. Hartford Life and Accident Ins. Co.*, No. 2:09-cv-604, 2010 WL 785354, at *6 (S.D. Ohio Mar. 5, 2010).

Plaintiffs deny that their breach of contract claim is completely preempted. They note that only "participants" and "beneficiaries" have standing to sue under § 1132(a)(1)(B). They then argue that, because neither Mrs. Keever's Estate nor her heirs are "participants" or "beneficiaries," as those terms are defined in 29 U.S.C. §1002(7) and (8), they would lack standing to bring an action under § 1132(a)(1)(B).[4] They further contend that, because they lack standing to bring an ERISA claim, their state law claims cannot be deemed preempted by ERISA, and removal from state court was improper.

---

confirmation email she received stated, "you have made an election *for your pension benefit*." Doc. #1-2, PageID#25 (emphasis added).

[4] A federal regulation, 29 C.F.R. § 2560.503-1(g)(1)(iv), requires plan administrators who make an "adverse benefit determination" to inform the claimant of the plan's review procedures and her right to sue. Citing *Mirza v. Insurance Administrator of America, Inc.*, 800 F.3d 129 (3d Cir. 2015) as "informative," Plaintiffs argue that Defendant's failure to comply with this regulation, when responding to Plaintiff Diane Shank's inquiry about the availability of the lump sum benefit, indicates that, at that time, Defendant did not believe that she was a "beneficiary" under the NCR Pension Plan. Plaintiffs then argue that such a belief would be inconsistent with Defendant's claim that removal is proper because the

8

The Court rejects these arguments, because Plaintiffs do have standing to pursue a claim for benefits under § 1132(a)(1)(B). ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). It is undisputed that Mrs. Keever was a "beneficiary," designated by her husband, who was a "participant" in the NCR Pension Plan.

As such, Mrs. Keever's estate now stands in her shoes and is entitled to pursue a claim under § 1132(a)(1)(B). As one court has noted, even though ERISA "does not address the question of an estate's standing where it is not a designated beneficiary," there is no basis for concluding that Congress intended to preclude the estate from bringing an action which the participant or beneficiary could have brought if still alive. "To hold otherwise would frustrate ERISA's intent." *Sanders v. Int'l Soc'y for Performance Improvement*, 740 A.2d 34, 36-37 (D.C. 1999). *See also Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) ("plaintiffs, who brought this action as representatives of Tolton's estate, have standing under ERISA").

In addition, Mrs. Keever's surviving heirs could be deemed to have derivative standing to sue. *See Scott v. Regions Bank*, 702 F. Supp.2d 921, 929-30 (E.D. Tenn. 2010) (holding that granting derivative standing to successor-in-interest to

---

claims are completely preempted by ERISA. As Defendant notes, however, this regulation does not come into play until a participant or beneficiary has actually filed a claim for benefits. Since Plaintiffs have not done that, Defendant's failure to comply with the regulation is irrelevant.

9

the plan participant or beneficiary promotes ERISA's goal of protecting the interests of participants and their beneficiaries).

Moreover, even if Plaintiffs lacked statutory standing to pursue a claim for benefits under § 1132(a)(1)(B), this would not necessarily deprive the federal court of subject matter jurisdiction. In *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006), the Supreme Court stated that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." There is no indication that Congress intended an individual's status as a "participant" or "beneficiary" to be a jurisdictional requirement of a claim for benefits under § 1132(a)(1)(B).

As explained in *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969 (9th Cir. 2012), an individual's status as a "participant" or "beneficiary" is "not a prerequisite for subject matter jurisdiction," but merely a "substantive element of his [ERISA] claim." *Id.* at 971. ERISA's statutory definitions of "participant" and "beneficiary" serve "to identify those plaintiffs who may be entitled to relief, not to limit the authority of federal courts to adjudicate claims under ERISA." *Id.* at 978. *See also Daft v. Advest, Inc.*, 658 F.3d 583, 593 (6th Cir. 2011) (relying on *Arbaugh* to conclude that "the existence of an ERISA plan is not a jurisdictional prerequisite").

The Court concludes that Plaintiffs' breach of contract claim is completely preempted by ERISA, because it is, in essence, a claim for recovery of benefits due

under the terms of an ERISA-governed employee benefit plan. Because it states a claim arising under federal law, removal was proper.

The Court notes that, to the extent that Plaintiff's four tort claims are so related to the breach of contract claim that they form part of the same case or controversy, the federal court can exercise supplemental jurisdiction over them as well. See 28 U.S.C. § 1367(a). Nevertheless, this Court does not reach the question of whether Plaintiff's tort claims "relate to" an employee benefit plan governed by ERISA, and are therefore preempted by § 1144(a). At this juncture, the Court holds only that Defendant properly removed the case to federal court because the breach of contract claim is completely preempted by ERISA.

### III. Forum Selection Clause is Enforceable, and Transfer is Appropriate

Paragraph 8.9 of the NCR Pension Plan states:

> Effective on and after February 11, 2011, any claim or action filed in court or any other tribunal in connection with the Plan by or on behalf of a Participant or beneficiary shall only be brought or filed in the United States District Court for the Northern District of Georgia.

Doc. #1-7, PageID#118.

Plaintiffs argue that this forum-selection clause is unenforceable because it was not a "bargained for" provision, and is contrary to public policy. In support, Plaintiffs rely on Judge Clay's dissenting opinion in *Smith v. Aegon Companies Pension Plan*, 769 F.3d 922 (6th Cir. 2014), *petition for cert. filed*, 83 U.S.L.W. 3768 (U.S. Mar. 13, 2015) (No. 14-1168, 14A682), in which he argued that a

11

unilaterally-added forum-selection clause, which required the plaintiffs to travel to a distant venue to litigate their claims, contravened the purpose and policy of ERISA. *Id.* at 935-36.

This Court, however, is bound by the majority opinion in *Smith*. The majority noted that forum-selection clauses are "presumptively valid and enforceable" even when they are "not the product of an arms-length transaction." *Id.* at 930. The majority held that the forum-selection clause in that ERISA-governed pension plan, which required all lawsuits to be brought in federal court in Cedar Rapids, Iowa, was valid and enforceable. *Id.* at 930-33. Plaintiffs have failed to establish any basis for distinguishing NCR Pension Plan's forum-selection clause from the one at issue in *Smith.* The Court therefore concludes that it is enforceable.

Having determined that the forum-selection clause is enforceable, the Court must decide whether to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6), or to transfer the case to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

In *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 134 S. Ct. 568, 580 (2013), the Supreme Court held that, "the

12

appropriate way to enforce a forum-selection clause" is to transfer the case to the proper district court under 28 U.S.C. § 1404(a). *Id.* at 580 ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer.").

Given that the parties did not address the question of whether dismissal under Rule 12(b)(6) was available as an alternate means of enforcing a forum-selection clause, the Court skirted this question in *Atlantic Marine*. *Id.* at 581. Because this issue was not resolved, the Sixth Circuit, in *Smith*, held that the district court did not abuse its discretion in dismissing the case under Rule 12(b)(6) instead of transferring it. 769 F.3d at 933-34.

In reliance on *Smith*, Defendant urges the Court to dismiss this case rather than transfer it. Nevertheless, given the Supreme Court's express holding that §1404(a) is the appropriate mechanism for enforcing a forum selection clause, the Court finds that this is preferable, and better serves the interests of justice. Accordingly, the Court TRANSFERS the above-captioned case to the United States District Court for the Northern District of Georgia.

### IV. Scope of Decision and Entry

This Court's Decision and Entry is narrow and limited in scope. It has determined only that: (1) this case was properly removed to federal court because

Plaintiffs' breach of contract claim is completely preempted by ERISA; and (2) the forum-selection clause contained in the NCR Pension Plan is enforceable, justifying transfer of this case to the United States District Court for the Northern District of Georgia.

Given the fact that venue properly lies elsewhere, this Court leaves it to the transferee court to decide the other issues raised by the parties in their briefs, including, but not limited to: (1) whether Plaintiffs' tort claims are preempted by ERISA; and (2) the appropriate course of action, given Plaintiffs' failure to exhaust administrative remedies under the terms of the NCR Pension Plan.

**V.     Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404(a), Doc. #4, is SUSTAINED IN PART.

The Clerk of Court is directed to TRANSFER the above-captioned case to the United States District Court for the Northern District of Georgia, and to TERMINATE it upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: December 15, 2015

*(signature)*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE